IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,    :
    :
    Plaintiff,    :
    :
    v.    :    Civil Action No. 20-368-RGA
    :
FIFTY-ONE THOUSAND SIX HUNDRED:
TWENTY-FIVE DOLLARS    :
($51,625.00) IN UNITED STATES    :
CURRANCY, et al.,    :
    :
    Defendants.    :

**MEMORANDUM ORDER**

The Government noticed the depositions of William Tuong and Amanda Luckanish.

Both individuals, through counsel, moved to quash the notices.  (D.I. 32, D.I. 34).  The motions

to quash are **DENIED**.

As to Tuong, the Government has given more than the required notice.  If the date

selected conflicts with Tuong's counsel's schedule, the Court expects that the parties will agree

on a different date around the same time period.

As to both, the noticed deponents assert that they will assert the fifth amendment to all

questions.  But the law is clear that this is not a basis to quash a deposition notice.

> It is apparent, therefore, that a witness cannot relieve himself of the duty to answer
> questions that may be put to him by a mere blanket invocation of the privilege. . . . By
> denying the availability of a blanket fifth amendment privilege, we in no way limit the
> scope of an individual's fifth amendment rights and avoid the possibility of prejudice to
> the civil litigant. The civil party retains the right to ask the question and the witness
> receives the full protection of the right against self-incrimination. . . . We conclude that
> the district court erred because the privilege against self-incrimination in a civil
> proceeding may not be asserted prior to the propounding of the questions.

*Nat'l Life Ins. Co. v. Hartford Acc. & Indem. Co.*, 615 F.2d 595, 598, 600 (3d Cir. 1980).

IT IS SO ORDERED this 14th day of December 2021.

/s/ Richard G. Andrews
United States District Judge